IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re

RONALD ASAY AND MARIA ASAY,

    Debtors

RONALD O. ASAY and MARIA R. ASAY,

    Appellants

v.                                                                Bankr. No. 05-10472 ML
                                                                   Civ. No. 07-497 MV/RLP

PHILIP J. MONTOYA, Trustee and
UNITED STATES TRUSTEE,

    Appellees.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.     This appeal arises from the bankruptcy court's *sua sponte* decision to disallow the Asays' (the Debtors) discharge in a Chapter 7 proceeding. Appellants' argument is two- fold. First, they argue that they are beyond the six year limitation period set forth in 11 U.S.C. § 727(a)(8) and second, that the bankruptcy court improperly disallowed the discharge *sua sponte*.

    2.     The applicable facts are set forth in *In re Asay*, 364 B.R. 423 (D.N.M. 2007). Briefly stated, Debtors converted their Chapter 13 bankruptcy to a Chapter 7, seeking discharge. The Bankruptcy Code, 11 U.S.C. § 727(a)(8) prohibits a discharge within six years of a prior discharge. Rule 4004(a) of the Federal Rules of Bankruptcy Procedure provides that objections to a discharge must be filed within 60 days following the first date set for the meeting of creditors. Rule 4004(c)(1) provides that after the

time for objection, the court "shall" grant the discharge unless any one or more of seven impediments exist to deny the discharge.  None of the seven impediments are applicable in this case.[2]

3. No objections were filed.  When the Debtors sought discharge, the bankruptcy court *sua sponte* issued an Order to Show Cause and held a hearing on whether the debtors were entitled to a discharge because they were in violation of § 727(a)(8)'s prohibition of a second discharge within six years.  After the hearing the court denied the discharge.  *See In re Asay*, 364 B.R. 423 (D.N.M. 2007).

4. With regard to the six years, the Debtors argued that the six year prescription period  runs from the date of the first discharge to the date of the conversion, which is the argument advanced in this appeal.  The bankruptcy court found that the time is measured from the date the first petition is filed until the filing of the second petition, regardless of whether the petition is Chapter 13 or Chapter 7.  364 B.R. at 424, n.1 (citing 11 U.S.C. § 727(a)(8) and 11 U.S.C. § 348(a)).  The court concluded that the applicable time period was from April 6, 2000 to April 6, 2006 and because the Chapter 13 petition was filed on January 24, 2005 it was within the six year prohibition.

5. This Court agrees with that analysis.  *See In re Czikalia*, 2000 WL 33716969, *1 (Bankr. D. Id. 2000) (unpublished opinion) and cases and authorities cited therein.

6. Having determined that Debtors sought discharge in violation of § 727(a)(8), the Court now examines whether the bankruptcy court was in error to rule *sua sponte* that the discharge should not be allowed.

7. Section 727 provides in pertinent part:

> The court shall grant the debtor a discharge unless-- . . . the debtor has been granted a discharge under this section within six years of the date of the filing of the petition.

§ 727(a)(8).

8. As noted by one authority,

> It had been held under the former Act that a court could take judicial notice of a discharge in a prior proceeding and deny a discharge in the second proceeding even in the absence of an objection. Although section 727(a)(8) could be read to permit a *sua sponte* denial, Federal Rule of Bankruptcy Procedure 4004(c) seems to preclude such an action. Rule 4004(c) permits a *sua sponte* dismissal only if the debtor is not an individual or if the debtor has filed a waiver of discharge.

6 *Collier on Bankruptcy*, § 727.11[1][a] (15th ed. rev. 2007).

9. The United States Supreme Court has not yet addressed whether § 105 may override the Bankruptcy Rules of Procedure. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 645 (1992). However, Congress has expressly prohibited serial filings in addition to § 727(a)(8). *See* 11 U.S.C. § 109(g) (no filings within 180 days of dismissal and § 727(a)(9) (limitation on Chapter 7 filing within six years of Chapter 12 or Chapter 13 filing).

10. Section 105 applies to the Code and the 60-day prescriptive period is found in the rules; the Code itself does not permit a debtor to take a discharge within six years of the last discharge. Two cases on point have reached opposite conclusions. *In re Burrell*, 148 B.R. 820 (E.D. Va. 1992) decided that § 105 granted the court authority to deny the discharge *sua sponte*. *In re Canganelli*, 132 B.R. 369 (N.D. Ind. 1992) came to the opposite conclusion.

11. The Bankruptcy Court found that the rules conflicted with the Code and that § 727(a)(8) was mandatory and could not be overridden by the rules of procedure. This Court also finds that the terms of § 727(a)(8) are mandatory and nothing in that provision prohibits a *sua sponte* ruling by the bankruptcy court.

## RECOMMENDED DISPOSITION

I recommend that the Bankruptcy Court be affirmed.

Richard L. Puglisi
United State Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

[2] The seven impediments are: (1) the debtor is not an individual; (2) a complaint objecting to the discharge has been filed; (3) the debtor has filed a waiver under § 707(a)(10); (4) a motion to dismiss is pending; (5) a motion to extend the time to object is pending; (6) a motion to extend the time to file a motion to dismiss is pending; or (7) the debtor has not paid his filing fees. *See* F.R.B.P. 4004(c)(1)(A)-(G).